EWART v. BOWMAN. .

1. REAL PROPERTY—SPECIFIC PERFORMANCE.—When a party to a contract to purchase "a one-half interest in remainder, reversion, or of whatever nature the same may be," does not object to form of deed tendered, he cannot decline to comply on the ground that the title which the deed attempts to convey is not good; especially so, in this case, where the vendee knew at time of making the contract the defect now urged to vendor's title.

2. REHEARING refused.

Before ALDRICH, J., Newberry, February, 1903. Reversed.

Action by William F. Ewart against Katie E. Bowman. From order dismissing complaint, plaintiff appeals.

*Messrs. Johnstone & Welch,* for appellant.

*Mr. Lambert W. Jones,* contra.

The citations of counsel on both sides are upon the construction of the trust deed and the effect of the statute of limitations, and as neither question is considered in the opinion, they are not given.

The opinion in this case was filed on June 13, 1904, but remittitur held up until

December 8, 1904. The opinion of the Court was delivered by

HON. ERNEST GARY, *Circuit Judge, acting Associate Justice.* This is an action for the specific performance of a written contract, and was commenced on the 2d day of July,

1902, by service on the defendant of the summons and complaint. The agreement upon which the action is based is as follows:

"State of South Carolina, Newberry County.
  "This memorandum witnesseth:

"I. That I, Katie E. Bowman, do hereby promise, agree and bargain to purchase of William F. Ewart his one-half interest in remainder, reversion, or of whatever nature the same may be, in the following described real estate, to wit: * * *

"II. That I agree, promise and bargain to pay to William F. Ewart for said one-half interest the sum of five hundred dollars, the same to be paid or secured to be paid whenever a proper deed of conveyance is tendered me, and conveying a valid title thereto.

"III. That I, William F. Ewart, do hereby accept the foregoing offer of Mrs. Kate E. Bowman, and do hereby agree, promise and bargain to forthwith make a proper deed of conveyance to her for said one-half interest, she to pay the purchase price or secure the same whenever I tender to her said proper deed of conveyance.

"In witness whereof, we hereunto set our hands and seals, this 11th day of June, 1902.

                              "KATIE E. BOWMAN.
                              "WM. F. EWART.

"Signed, seaed and delivered in the presence of M. E. Abrams, J. W. Hipp."

The complaint, after reciting the facts of this agreement, alleges:

"That thereafter the plaintiff tendered to the defendant a proper deed of conveyance for said interest in said land, which deed she declined to accept, and also declined to pay said consideration of $500, which she had agreed and promised to pay in said contract. Her refusal to accept said deed

and to pay said money being based upon the ground that good title to said interest could not be conveyed to her by the plaintiff, all of which will fully appear by reference to the grounds of her objection hereto annexed and marked exhibit 'B,' and made a part of this complaint."

The grounds of objection referred to in the answer are contained in a letter written by the defendant on the 12th of June, 1902, which is as follows:

"Newberry, S. C., June 12, 1902.
"Mr. Wm. F. Ewart, Newberry, S. C.—Dear Brother: This is to inform you formally that I will not accept the deed tendered me for the property mentioned and described in the written agreement to purchase, signed by you and me on June 11th, 1902.

"The grounds for my refusal to comply with the terms of said memorandum are these:

"I. I am advised that there is a serious question as to whether the title you tendered me to this property is good or valid; *no objection, however, to the form and substance of your proffered deed,* but the title it attempts to convey.

"II. I am advised, also, that there is a serious question as to your being able at this time to make a good or valid title to said property. The cloud upon this title above referred to is, so I am impressed, that this lot or premises has been held by the town of Prosperity, S. C., adversely to you for twenty years—indeed, over forty years. Yours very truly, K. E. BOWMAN."

The answer of the defendant admits the execution of the contract of purchase of the interest of the plaintiff in the lot described in paragraph one of the complaint. The answer also admits that the defendant refused to accept a deed from plaintiff, and gave her reasons in writing to plaintiff, as shown in exhibit "B," which she insists are good and sufficient reasons for her not accepting and paying for such title as plaintiff can now give or offer her to said lot, as

shown in exhibit "C." The answer further alleges that plaintiff once had good and valid titles under the deed from James Graham to DeWitt C. Graham, trustee, yet he has long since allowed said title to lapse and become extinct; by reason of the lapse of time the said premises have been used adversely to his interest, continuously, and to that of this defendant as well, amounting to forty-eight years, nearly, from 1853, the date of deed to DeWitt C. Graham, trustee, to present time. That she is advised that plaintiff cannot now give her good and valid and sufficient title to said lot, and hence cannot lawfully insist upon her accepting any title from him nor paying him said sum of $500.

The cause was tried on Circuit by Judge James Aldrich on an agreed state of facts, and on the 27th day of February, 1903, he filed a decree dismissing the plaintiff's complaint with costs, upon the ground that the lot described in plaintiff's complaint had been held by others adversely to plaintiff for a statutory period, and that the right of plaintiff to the possession was barred, and that the title tendered by him to defendant is not a good and sufficient conveyance of said lot. From this decree the plaintiff appeals to this Court upon five exceptions, as follows:

"I. The Court erred in decreeing that the title tendered by the plaintiff to the defendant was not a good and sufficient conveyance of the lot in question.

"II. That the Court erred in decreeing that the complaint herein be dismissed.

"III. That the Court erred in decreeing that the fee to the lot in question was in the trustee and still remains in him, and that consequently all who claim through him are barred.

"IV. The Court erred in not decreeing that the plaintiff under the deed in question had a good and sufficient title to the said lot, and this being so, the defendant should comply with the terms of her purchase.

"V. The Court erred in not decreeing that the defendant should specifically perform her contract to purchase the said lot."

We think the Circuit Judge was in error in dismissing the plaintiff's complaint. The plaintiff by his agreement did not agree to tender to defendant a good and sufficient conveyance of said lot. On the contrary, the defendant obligated herself to pay the plaintiff $500 for the *interest* of the plaintiff in said lot. The agreement expressly reciting, "That I, Katie E. Bowman, do hereby promise, agree and bargain to purchase of William F. Ewart his one-half interest in remainder, reversion or of whatever *nature the same may be* in the following described real estate, to wit: * * *" (italics mine). The deed tendered certainly was sufficient in form to convey all the *interest* of the defendant in said lot. In fact, no objection is made to the deed on that ground, for in the letter of defendant setting out her reasons for declining, she expressly states and disavows any objection to the form: "No objection, however, to the form and substance of your proffered deed, but to the title it attempts to convey." The defendant does not ask to be relieved from her contract on the ground that she was overreached or not informed as to the status of the plaintiff's title, nor that she had made a hard, unreasonable or unconscionable bargain. Nor does she plead any equity that would entitle her to be relieved of her contract. She is a sister of the plaintiff and equal owner then and now of whatever interest he had. She knew at the time she purchased the interest of plaintiff that the defect which she now sets up, adverse possession, existed. In the third paragraph of her answer she alleges: "That the said plaintiff once had good and valid titles under said deed from James Graham to DeWitt C. Graham, trustee, yet he has long since allowed said title to lapse and become extinct by reason of the length of time the said premises have been adversely used to his interest, continuously, *and to that of this defendant as well,*

amounting to forty-eight years nearly, from 1853, the date of deed to DeWitt C. Graham, trustee, to present time." In the absence of any allegation of concealment, misrepresentation or fraud, we think the defendant should comply with her agreement.

From this view of the case it is not necessary to pass upon the nature of the interest the plaintiff would take under the trust deed, nor whether title could be acquired by an adverse claimant holding prior to the death of the life tenant, suffice it to say that whatever interest the plaintiff has or will have under the terms of the deed of James Graham, trustee, is conveyed by the deed tendered by him to the defendant in this case, and that interest is what she agreed to purchase.

It is, therefore, ordered, that the judgment of the Circuit Court be reversed and the case be remanded to the Circuit Court, with directions to issue such orders as may require the defendant to specifically perform her contract as prayed for in plaintiff's complaint.

2　　　　Petition for rehearing refused in formal order, December 8, 1904.