16417

DAVENPORT v. MILLER
(61 S. E. (2d) 534)

*Messrs. C. S. Bowen,* of Greenville, and *H. C. Miller,* of Anderson, *for Appellant,*

58

*Messrs. Love, Thornton & Blythe,* of Greenville, *for Respondent,*

October 16, 1950.

PER CURIAM.

On or about the 17th day of February, 1949, respondent commenced action in this case in the Court of Common Pleas for Greenville County, seeking to foreclose a real estate sale and purchase contract between the parties thereto,

contending that there was due and unpaid the sum of $13,-750.00 on said contract.

Appellant contends by way of answer that the complaint was insufficient in that respondent did not allege ability, readiness and willingness to perform his part of the contract and that he was not in position to perform since the contract provided that the property be conveyed to appellant free of liens and encumbrances and that there were restrictions over the property which amounted to encumbrances and asked for judgment against respondent for $2,000.00, this being the amount she had paid as down payment, and $1,000.00 damages for breach of contract.

The case was referred to the Master in Equity who, after taking testimony, found in favor of the respondent on all counts in his report to the court. A number of exceptions were taken thereto and the matter was heard before the Honorable J. Robert Martin, Resident Judge of the Thirteenth Judicial Circuit, who overruled all exceptions and confirmed the Master's findings of fact and conclusions of law and gave judgment against appellant.

The appeal to this Court involves principally the questions of whether or not the restrictions upon the property constituted encumbrances and, if so, whether or not appellant is estopped from objecting to the title because of such.

At the time of the negotiations between the parties, appellant with her husband, who is an able attorney, inspected the property in question, and expressed themselves as seeking a home in the City of Greenville in a desirable residential section which was protected by suitable restrictions. They were at that time informed that this property was highly restricted and the testimony shows that this was part of the inducement for consummation of the sale.

Appellant employed an able attorney, Mr. James H. Price, Jr., to examine the title prior to the preparation and execution of the contract. Her attorney read to and discussed with appellant and her husband all restrictions, and she was fur-

nished a certificate of title which set forth that the title to the property was free of encumbrances. Certainly at that time, neither she, her husband, nor her attorney considered these restrictions as encumbrances. The contract was dictated in the presence of appellant, her husband and attorney, and no mention was made of the restrictions at that time. Prior to signing the contract, appellant requested respondent to reduce the price which he refused to do, giving the reason therefor that the property was more valuable because it was in a highly restricted area. Appellant then paid the down payment of $2,000.00 and signed the following contract along with respondent:

"State of South Carolina
"County of Greenville

"This Agreement Made and entered into this 16th day of October, 1948, by and between C. F. Davenport, hereafter referred to as 'Seller,' and May Hane Miller, hereafter referred to as 'Purchaser,'

"Witnesseth:

"The Seller hereby agrees to sell and convey unto the Purchaser the following described real estate: 'All that lot of land with improvements thereon, located on Long View Terrace, in the City of Greenville, County of Greenville, State of South Carolina, said lot being known and designated as Lot No. 1 on Plat of Property of Forest Heights, recorded in Plat Book "P" at Page 71, reference being had to said Plat for a more particular description.' subject to the following terms and conditions:

"1. The agreed sales and purchase price is $15,750.00, payable $2,000.00 in cash upon the execution of this agreement, the balance of $13,750.00 to be paid upon the delivery of a deed to the Purchaser on or before January 1, 1949.

"It is understood and agreed between the parties hereto that the Liberty Life Insurance is the holder of a mortgage covering the above described property and that the Purchaser is to have the privilege of assuming said mortgage

and paying the balance in cash instead of paying the entire $13,750.00 in cash. In the event the Purchaser reduces the mortgage by 50% of the amount due thereon, the Seller is to pay to the Liberty Life Insurance Company the anticipation fee. In the event the Purchaser pays off said mortgage in full, the Seller will pay 50% of the anticipation fee on the entire mortgage debt and the Purchaser the other 50% of said anticipation fee.

"2. The taxes and insurance are to be prorated to the date of delivery of said deed. Upon the compliance with the terms of this contract, the Seller is to convey the property to the Purchaser in fee simple, free of encumbrances or lien except as to any balance assumed upon the mortgage debt of Liberty Life Insurance Company.

"It is understood that the General Electric heating plant and the hot water system now installed in the house are both included in the sales price.

"It is understood that the Purchaser has the option of purchasing the awnings now installed on the house by adding $50.00 to the Purchase price agreed upon.

"In Witness Whereof, the Parties have hereunto set their hands and Seals in duplicate this 16th day of October, A. D. 1948.

"Witnesses:
"s/ ENA W. KING
"s/ J. L. LOVE

"s/ C. F. DAVENPORT (Seal)
"Seller"
"s/ MAY HANE MILLER (Seal)
"Purchaser"

Later, appellant advised respondent that her plan of moving to Greenville had been abandoned and listed the property for sale at a profit of $1,000.00 above the contract price, representing it as being highly restricted property.

It will be noted that no mention is made in the contract of the restrictions; indeed, nothing was said by way of ob-

jection thereto until the filing of appellant's answer on May 5, 1949, wherein she takes the position for the first time that the restrictions amounted to encumbrances. There are numerous cases holding that a purchaser who accepts and goes into possession of property with full knowledge of existence of defects, which were obvious and known to the purchaser at the time of acceptance, waives any exception of such defects. *Ewart v. Bowman,* 70 S. C. 357, 49 S. E. 867.

The Master in his report, which was confirmed by the Trial Judge, found that the restrictions upon the property were beneficial and did not constitute encumbrances thereon, but we deem it unnecessary to pass upon this question as we are of the opinion that appellant waived any objections that she might have had to the restrictions and is now estopped from objecting to the title because of such.

In *Gray Cotton Mills v. Spartanburg Cotton Mills,* 139 S. C. 223, 137 S. E. 684, 696, we find: "In order to constitute this kind of estoppel there must exist (1) a false representation or concealment of material facts; (2) it must have been made with knowledge, actual or constructive, of the facts; (3) the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; (4) it must have been made with the intention that it should be acted upon; (5) and the party to whom it was made must have relied on or acted upon it to his prejudice. To constitute an 'estoppel in pais,' there must occur an admission, statement, or act inconsistent with the claim afterward asserted, action by the other party', thereon and injury to such other party. 'The complaining party must be 'misled to his injury.' "

Ordinarily to constitute estoppel there must be conduct, acts, language or silence amounting to a representation or concealment of facts and the party claiming the estoppel must have acted upon and thereby changed his position for the worst. *Cannon v. Baker,* 97 S. C. 116, 81 S. E. 478; *Gary v. Cotter,* (S. C.) 61 S. E. (2d) 387.

Appellant was seeking a home in a restricted residential area; she knew this property to be so restricted, that having been explained to her by her attorney. At that time she did not consider the restrictions as encumbrances and waived any objections she had thereto or if she did so consider them, she failed to make it known to respondent but remained silent and permitted him to act upon her representations to his prejudice.

All of the prerequisites of estoppel are prevalent in this case and appellant is estopped from now contending that the restrictions on the property in question are such as to constitute encumbrances.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.